IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

YANCEY JACK GARRINGER,
    Petitioner,

vs.                              Case No. 3:11cv174/MCR/CJK

UNITED STATES OF AMERICA,
    Respondent.

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner filing an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 13). The filing fee has been paid. (Doc. 8). From a review of the record and the arguments presented, it is the opinion of the undersigned that petitioner has not demonstrated entitlement to proceed under § 2241; therefore, this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Prison Camp at Maxwell Air Force Base in Montgomery, Alabama, is currently serving a sentence imposed by this Court in Case Number 3:10cr89/MCR. Petitioner was convicted upon jury verdict of controlled substance and firearm offenses and sentenced on April 11, 2011, to a total term of 123 months imprisonment followed by supervised release. *See*

*United States of America v. Yancey Jack Garringer*, Case Number 3:10cr89/MCR, Doc. 85.  Judgment was entered that day.  *Id.*  Although petitioner states he did not appeal from the judgment, (doc. 13, p. 2), that is incorrect.  As petitioner is aware, the Clerk, in an abundance of caution and at the direction of chambers, docketed a copy of his original § 2241 petition in petitioner's criminal case as a Notice of Appeal.  *See* Case Number 3:10cr89/MCR, Doc. 87.  That appeal is pending.

Petitioner's amended § 2241 petition challenges the validity of his conviction and sentence, claiming violation of his Fourth Amendment right to be free from unreasonable searches and seizures (doc. 13, pp. 5-8, 13-15, 16), that he was improperly targeted as a result of the War on Drugs (*id.*, pp. 8-11), that federal agents lacked jurisdiction to arrest him (*id.*, p. 12), and that the sentencing court should have held a hearing on the issue of his learning disorders (*id.*, p. 15).  As relief, petitioner seeks the following:

> 1. Vacate the judgment of conviction.  2. Expunge Plaintiff's record.  3. Dismiss all charges, with prejudice.  4. Return all Plaintiffs [sic] property.  5. Release Plaintiff from custody.  6  Find in fact that Plaintiff was mistreated by Government.  And/Or.  7. Order a new trial and appoint a real attorney that knows how to at least, bring Plaintiff's Constitutional questions to light in District Court.  8.  And any other appropriate relief.  9. A finding of fact.  10. Require the Court that it Must use State definitions of a State search and seizure and State definitions of State Evidence process and Constitutional Process.

(*Id.*, pp. 16-17).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence

must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981);[1] *see also Chambers v. United States*, 106 F.3d 472, 474-75 (2nd Cir. 1997) (articulating instances where a federal prisoner may properly file a § 2241 petition); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111 (5th Cir. 1990). Direct review of a federal conviction and sentence is obtained by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction is brought by filing a motion under 28 U.S.C. § 2255 in the court of conviction. *Jordan*, 915 F.2d at 629; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985). Under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. 28 U.S.C. §§ 2241(a), 2255. That provision, known as the "savings clause," provides that

> [a]n application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. 28 U.S.C. § 2255. "The burden of coming forward with evidence affirmatively showing the inadequacy

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

*Case No: 3:11cv174/MCR/CJK*

or ineffectiveness of the § 2255 remedy rests with the petitioner.*" McGhee v. Hanberry*, 604 F.2d at 10.

In *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), the Eleventh Circuit explained that the savings clause applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first [section] 2255 motion." *Id*. at 1244. The savings clause applies only if the prisoner has satisfied all three elements. *See id.* This showing is significant because a prisoner does not "open the portal" to a section 2241 proceeding until he has demonstrated that the savings clause applies to him. *See id.* n. 3.

The petitioner in this case is asserting claims that are direct appeal or § 2255 claims, because they attack the validity of his conviction and sentence as imposed. Habeas corpus relief under § 2241 is not an additional, alternative or supplemental remedy to direct review or collateral review under 28 U.S.C. § 2255, particularly when the identical issues can, or could have, been raised on direct appeal or in a timely § 2255 motion. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Martin v. Hiatt*, 174 F.2d 350 (5th Cir. 1949) ("[T]he writ of habeas corpus cannot be used as a substitute for a writ of error or an appeal."); *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing).

Furthermore, petitioner has made no showing that his claims meet the three-prong test in *Wofford*. As petitioner has not demonstrated the inadequacy of the

§ 2255 remedy, he should not be permitted to bring his claims by § 2241.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 13) be DISMISSED with prejudice, as petitioner has not demonstrated entitlement to proceed under that section.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 16th day of June, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).